NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 29, 2012
Decided December 6, 2012

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 12-2636

MARY POZNAK,
    *Plaintiff-Appellant,*

    *v.*

PNC BANK CORP. AND AFFILIATES
LONG TERM DISABILITY PLAN,
    *Defendant-Appellee.*

Appeal from the United States
District Court for the Eastern
District of Wisconsin.

No. 11 C 618

Rudolph T. Randa, *Judge.*

## O R D E R

The plaintiff was employed by a bank as an asset manager, and was a participant in the bank's long term disability plan, which is the defendant. Beginning in January 2007 she underwent treatment for breast cancer, which included procedures preparatory to final breast-reconstruction surgery. She received benefits under the plan throughout this period. But in June 2010, the claims administrator under the plan, Sedgwick Claims Management Services, decided to conduct a thorough medical review of the plaintiff's condition, as she had been receiving disability benefits for almost three and a half years. On the basis of that review Sedgwick concluded that as of June

1, 2010, the plaintiff had no longer been totally disabled (as required for her to be entitled to continue receiving disability benefits under the plan), and so her benefits were discontinued as of that date. She presented evidence to Sedgwick that she was still totally disabled and asked Sedgwick to reconsider its decision in light of that evidence. It did, and conducted further evaluations of her condition, but ultimately concluded that its initial decision had been correct. She then brought this suit under ERISA, challenging Sedgwick's decision as "arbitrary and capricious," a standard that accords broad discretion to the ERISA plan. The district judge granted summary judgment for the plan, and the plaintiff appeals.

We can be very brief. Evidence concerning the plaintiff's condition as of June 1, 2010, was presented by 10 physicians (counting an oral surgeon as a physician), six being physicians who had treated the plaintiff and four being physicians retained by Sedgwick to evaluate the reports of the treating physicians. The key evaluator was a specialist in occupational medicine named Petrie. Dr. Petrie evaluated the reports of the four physicians who had been the plaintiff's principal treating physicians. The consensus of those physicians and Petrie, and the conclusion that is supported by the weight of the evidence, was that in the relevant period the plaintiff had had only mild discomfort in her arm and chest as an aftermath of the original cancer treatment and of the procedures for preparing her for reconstructive surgery (which was conducted without incident later in June). Even if judicial review of Sedgwick's evaluation and conclusion were plenary rather than deferential, we would agree that the plaintiff was not totally disabled on June 1. Her job was sedentary and the residual effects of her treatment insufficiently grave to prevent her working any comparable full time job.

Even if the case is less one-sided than we think, we cannot say that Sedgwick was arbitrary or capricious in concluding that she was no longer disabled on June 1, 2010.

The judgment of the district court is

**AFFIRMED.**